**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE | : CHAPTER 13 |
| | : |
| JAMES A. MEYER AND MARY E. MEYER | : |
| DEBTOR(S) | : BANKRUPTCY NO. 06-13841 SR |
| | |
| JAMES A. MEYER AND MARY E. MEYER | : |
| PLAINTIFFS | : |
| v. | : |
| | : |
| ARGENT MORTGAGE COMPANY, LLC | : |
| COUNTRYWIDE HOME LOANS, INC. | : |
| INTEGRATED FINANCIAL GROUP, INC. | : |
| DEFENDANTS | : ADV. NO. 07-0031 |

# OPINION

BY: STEPHEN RASLAVICH, UNITED STATES BANKRUPTCY JUDGE.

*Introduction*

Both Plaintiff and Defendant Countrywide have moved for reconsideration of this Court's Opinion and Order of November 29, 2007. *Meyer v. Argent Mortgage Company, et al (In re Meyer)*, 379 B.R. 529 (Bankr.E.D.Pa.2007) A hearing on the motions was held on January 15, 2008.

*The Arguments*

Plaintiff contends that the Court's finding of a TILA violation revives their rescission right notwithstanding the expiration of the period of repose. Countrywide takes issue with the Court's denial of its request for summary judgment on the Plaintiff's TILA claim.

*Standard for Reconsideration*

Although neither party cites a statutory basis for the requests for reconsideration, they are relying here on Bankruptcy Rule 9023. That rule makes applicable to bankruptcy cases F.R.C.P. 59(e): "A motion to alter or amend a judgment must filed no later than 10 days after the entry of

judgment." "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *In re Wile*, 310 B.R. 514, 516 (Bankr.E.D.Pa.2004) *citing Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985), cert. denied, 476 U.S. 1171, 106 S.Ct. 2895, 90 L.Ed.2d 982 (1986). As stated by the court in *Keyes v. National Railroad Passenger Corporation*, 766 F.Supp. 277, 280 (E.D.Pa.1991): "The purpose of a Rule 59(e) motion is to allow the court to reevaluate the basis of its decision.... Motions for reconsideration are not at the disposal of an unsuccessful party to "rehash" the same arguments and facts previously presented." *See also Reich v. Compton,* 834 F.Supp. 753, 755 (E.D.Pa.1993), *aff'd in part, rev'd in part on other grounds*, 57 F.3d 270 (3rd Cir.1995). "[W]hatever may be the purpose of Rule 59(e) it ... [was not] ... intended to give the unhappy litigant one additional chance to sway the judge." *Durkin v. Taylor*, 444 F.Supp. 879, 889 (E.D.Va.1977). Federal courts should grant such motions sparingly because of their strong interest in finality of judgment." *Selaras v. M/V Cartagena de Indias*, 959 F.Supp. 270 (E.D.Pa.1997) *quoting Continental Cas. Co. v. Diversified Indus., Inc.*, 884 F.Supp. 937, 943 (E.D.Pa.1995). The decision whether to grant or deny a Rule 59(e) motion is entrusted to the sound discretion of the Court. *In re Eagle Enterprises, Inc.*, 259 B.R. 73, 76 (Bkrtcy.E.D.Pa. 2001)

*Effect of the Ruling*
*On Right to Rescind*

Plaintiffs explain that they "are uncertain whether in light of the court's ruling, they can now raise their full panoply of rescission claims against Countrywide." Motion, ¶ 6. They interpret the ruling as not having determined whether their notice of rescission to Countrywide was valid notice to Deutsche, the holder of the mortgage. *Id.* At the hearing, Plaintiffs explained their "belief that the Court indicated that there would be certain remedies against Countrywide under claims for rescission." Transcript (T-) 3.

The Plaintiffs have drawn the wrong inference from the Court's Opinion. Its finding that evidence supported a TILA violation by Countrywide is separate and apart from the rescission claims. The finding that Countrywide violated TILA by failing to disclose the identity of the holder does not cure the fundamental defect in Plaintiffs' rescission claim. That defect is one of jurisdiction: Plaintiffs sought to add the holder of the loan as a defendant for rescission purposes after the applicable period of repose had expired. Unlike a statute of limitations, one of repose ceases to exist upon expiration. It does not matter whether Deutsche may have known of the rescission request before that time expired; once the three years ran, the loan could not be rescinded. No rule of procedure can create jurisdiction where it simply does not exist. So, far from intimating that rescission may be yet available to Plaintiffs, the Opinion meant to indicate quite clearly that the contrary was the case. There is no basis, then, to reconsider the ruling that the rescission claim fails.

*Countrywide, TILA
and Estoppel*

For its part, Countrywide sees error in the ruling that the TILA claim against it survives summary judgment. Countrywide Brief, 2. Specifically, it explains, the Court should not have ruled that there is sufficient evidence to estop—at least for purposes of summary judgment—Countrywide's claim that it never owned the loan. *Id*. Estoppel applies, it continues, only where there is evidence of justifiable reliance on Plaintiffs's part. Countrywide Brief, 2; T-6. Given that Countrywide's answer denies that it was the holder, Plaintiffs, says Countrywide, should have investigated further. *Id*., 3. Moreover, Countrywide stresses that Argent, the lender, responded to Plaintiffs' inquiries of January 2 explaining that Countrywide was the servicer. *Id*. Countrywide also offers the affidavit of John Rowinski of Countrywide which states that Countrywide had

serviced the loan since October 2004. *Id.* 3-4. It next argues that the Plaintiffs' counsel was negligent and maintains that once Countrywide denied ownership, it was incumbent upon counsel to undertake discovery on that point. *Id.* 4. So long as the question was not pursued by the Plaintiffs, says Countrywide, it would be inequitable to estop Countrywide from denying ownership status. *Id.* 5. Finally, Countrywide puts this all down to a bona fide error on its part. If it failed to divulge information required of it by federal law, then that omission was inadvertent and done in good faith. *Id.* 5-6.

If there is a flaw in common to all of Countrywide's arguments, it would be a misunderstanding of the procedural context. The Opinion and Order disposed of motions for summary judgment. Thus, the Court's inquiry was limited to whether there was evidence in the record to support the Plaintiffs' claims. There is no denying that Countrywide has offered evidence to support its defense; however, the Court's focus is on what the Plaintiffs have offered. To have considered Countrywide's evidence in Countrywide's favor would have been to weigh the evidence. That has no place in dealing with a motion for summary judgment. Instead, the Court must give the Plaintiff the benefit of any doubt as to the evidence which they have offered to prove the existence of triable issues. So it matters not that Countrywide stated in its Answer that it was the servicer.[1] It was required to state who the holder was and it didn't do that. Similarly, the Argent letter of February 15 and affidavit of John Rowinski of Countrywide which explained that Countrywide was the loan servicer since October 2004 are beside the point: Countrywide refused to divulge the

---

[1] Countrywide maintains that it "expressly" denied in its Answer that it was a holder. *See* Countrywide Brief, 2-3. That is inaccurate. The Complaint never specifically alleged that Countrywide was the holder. Paragraph 4 identified it among the defendants; paragraph 5 alleges only that Argent made the loan to Plaintiffs. *See* Complaint. Countrywide's responded to this allegation stating that it was the loan servicer never denying that it was the holder. *See* Answer, ¶¶ 4, 5.

4

identity of the holder.[2]  Again, one can be both servicer and owner of a loan. The Opinion acknowledged what Countrywide continues to emphasize: that Plaintiffs' counsel was remiss in not conducting discovery on the ownership issue, but that does not excuse Countrywide's failure to respond to Plaintiffs' initial inquiry.[3]  Finally, it is entirely possible that at trial Countrywide may be able to prove that its failure to identify Deutsche as the holder was nothing more than a mistake on its part; however, this record contains evidence which could reasonably be construed by a trier of fact to suggest that it was a deliberate calculation on Countrywide's part. All of this tends to show a colorable TILA violation committed by Countrywide. More to the point, it is sufficient to survive summary judgment.

And there was a corollary determination necessitated by that finding. Liability under TILA can be assessed only against a "creditor." *See* 15 U.S.C. § 1640(a). Throughout, Countrywide insisted that it was not a creditor because it never held the loan. The Court, however, found

---

[2] As to the February 15 letter from Argent, the Court notes that such letter was not part of the record on summary judgment.

[3] Countrywide relies on the National Consumer Law Center Manual on the Truth in Lending Act as endorsing that two-stage practice. *See* Countrywide Brief, Ex. C. Yet on the very next page of the Manual, the NCLC recommends to practitioners the exact course of action which Plaintiffs' counsel followed to ascertain the identity of the holder:

> Sending the servicer a formal written request to state the name, address, and telephone number of the owner of the obligation, as required by 15 U.S.C. § 1641(f)(2). [footnote omitted] This request can be combined with a "qualified written request" for the same information under the Real Estate Settlement Procedures Act (RESPA). [footnote omitted] While TILA does not set a deadline for the service to respond to the request, RESPA requires a response within 60 days and authorizes a private cause of actions for violations. These requests can be included as part of the rescission letter but should be sent, preferably by certified mail, return receipt requested, as far in advance of the rescission deadline as possible.

NCLC Manual on Truth-in-Lending Act § 6.6.2.4.

5

evidence in the record which allowed a reasonable inference that Countrywide at one time held the loan. That evidence consisted of its failure to answer a direct question as to who held the loan and its later characterization of its role in the transaction. Despite what it says, Countrywide never answered a very simple question directed at it. This, as Plaintiffs point out, left them in the dark as to who owned their loan. And when Countrywide finally responded on March 30, Plaintiff inferred fairly from what was in that letter that it was Countrywide that held the loan. At various points in that letter, Countrywide characterized itself in a manner consistent with that of a lender—as opposed to the loan servicer—in the transaction. *See* 379 B.R. at 551-54. Based on that evidence, the Court ruled that estoppel principles might apply to Countrywide's claim that it was only a servicer.

*Summary*

Nothing in what is offered by either party persuades the Court that it erred in its Opinion and Order of November 29. Rather, a review of the bases for its ruling confirms for the Court that its conclusions were sound. The Motions will, therefore, be denied.

An appropriate Order follows.

By the Court:

_____
Stephen Raslavich
United States Bankruptcy Judge

Dated:  February 20, 2008

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE | : CHAPTER 13 |
| | : |
| JAMES A. MEYER AND MARY E. MEYER | : |
| | : |
| DEBTOR(S) | : BANKRUPTCY NO. 06-13841 SR |
| | : |
| JAMES A. MEYER AND MARY E. MEYER | : |
| PLAINTIFFS | : |
| V. | : |
| | : |
| ARGENT MORTGAGE COMPANY, LLC | : |
| COUNTRYWIDE HOME LOANS, INC. | : |
| INTEGRATED FINANCIAL GROUP, INC. | : |
| DEFENDANTS | : ADV. NO. 07-0031 |

# ORDER

**AND NOW**, upon consideration of the Motions for Reconsideration filed by the Plaintiffs and Defendant Countrywide Home Loans, Inc. (Countrywide), after a hearing held on January 15, 2008 and for the reasons set forth in the foregoing Opinion, it is hereby:

**Ordered,** that the Motions are DENIED.

By the Court:

_Stephen Raslavich_
Stephen Raslavich
United States Bankruptcy Judge

Dated: February 20, 2008

Interested Parties:

George Conway, Esquire
Office Of The U.S. Trustee
833 Chestnut Street
Suite 500
Philadelphia PA  19106

Counsel for Plaintiff

David A. Scholl, Esquire
REGIONAL BANKRUPTCY CENTER
OF SOUTHEASTERN PENNSYLVANIA
6 St. Albans Avenue
Newtown Square, PA 19073


Counsel for Countrywide Home Loans, Inc.

Martin C. Bryce, Jr., Esquire
BALLARD, SPAHR, ANDREWS & INGERSOLL
1735 Market Street
51st Floor
Philadelphia, PA 19103

Counsel for Argent Mortgage Company LLC

Sandya Mathur Feltes, Esquire
KAPLIN STEWART
350 Sentry Parkway, Bldg 640
Blue Bell, PA 19422

Counsel for Integrated Financial Group, Inc.

Brandon Wind, Esquire
P.O. Box 1214
Newtown, PA 18940